**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODRIGUE BOUNDJI EFALEMA,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.   15-73918

Agency No. A088-576-212

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017[**]

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Rodrigue Boundji Efalema, native and citizen of the Democratic Republic of Congo, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to the circumstances of Efalema's father's disappearance and whether he remained missing, details of the alleged attack against Efalema, and when Efalema believed his father was in danger. *See id*. at 1046-47 (although inconsistencies no longer need to "go to the heart" of the claim under the REAL ID Act, where an inconsistency does go to the heart of the claim, "it doubtless is of great weight"). Efalema's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Efalema's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Efalema's CAT claim also fails because it is based on the same testimony the agency found not credible, and Efalema does not point to any evidence that compels the conclusion that it is more likely than not he would be tortured if returned to the Democratic Republic of Congo. *See id*. at 1156-57.

2                                                                 15-73918

Efalema's motion to adopt the opening brief (Docket Entry No. 28) is granted.

**PETITION FOR REVIEW DENIED.**